# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:05CR184 RWS ) |
| KENNETH JOHNSON, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before me on Johnson's post-conviction pro se motion for extension of time to file an appeal and for appointment of counsel. Johnson ultimately seeks an order vacating his sentence and a new sentencing hearing. The Court lacks jurisdiction to grant the requested relief, and the motion will be denied.

Johnson pled guilty to four counts relating to the production and possession of child pornography. As a result of the plea, Johnson was subject to a 90 year sentence under the United States Sentencing Guidelines. Prior to sentencing, the Government filed a § 5K1.1 motion recommending a sentence less than that provided for by the Sentencing Guidelines. On April 19, 2006, I sentenced Johnson to 60 years imprisonment, in accordance with the Government's recommendation.

Johnson filed a notice of appeal on May 1, 2006. The Government filed a motion to dismiss the appeal, and the United States Court of Appeals for the Eighth

Circuit granted the motion and dismissed the appeal on July 10, 2006. The mandate of the Court of Appeals issued on July 28, 2006.

There is no provision in the Federal Rules of Civil Procedure that would allow this Court to grant Johnson an extension of time to file a second appeal. Federal Rule of Appellate Procedure 40 governs the time for the filing of a petition for rehearing by the Court of Appeals. A Fed. R. App. P. 40 motion for rehearing should be filed in the Court of Appeals, not the District Court.

Additionally, I do not have authority to reduce Johnson's sentence under Fed. R. Civ. P. 35 because the Government has not filed a Rule 35 motion.

Finally, the Court notes that there is a one-year period of limitations on the filing of a motion attacking a sentence under 28 U.S.C. § 2255. Under § 2255:

The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

For the foregoing reasons, Johnson's post-conviction pro se motion for extension of time to file an appeal and for appointment of counsel shall be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Johnson's post-conviction pro se motion for extension of time to file an appeal and for appointment of counsel is **DENIED**.

Dated this ___6th___ Day of February, 2007.

                                               RODNEY W. SIPPEL
                                               UNITED STATES DISTRICT JUDGE